Lewis Aaron BOWEN,
Petitioner-Appellant,

v.

A.L. MURPHY and the Attorney General
of the State of Oklahoma,
Respondents-Appellees.

No. 82–1005.

United States Court of Appeals,
Tenth Circuit.

Jan. 31, 1983.

Lewis Aaron Bowen, pro se.

Jan Eric Cartwright, Atty. Gen., and John E. Douglas, Asst. Atty. Gen., the State of Oklahoma, Oklahoma City, Okl., for respondents-appellees.

Before SETH, Chief Judge, PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Lewis Bowen was convicted of armed robbery in 1965. In 1981, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1976), contending that his convictions are invalid because they were based on involuntary guilty pleas. The district court dismissed the petition as delayed under Rule 9(a) of the Rules Governing Cases under Section 2254, 28 U.S.C. n. foll. § 2254 (1976). Bowen appeals, and we affirm.

Rule 9 establishes grounds for dismissal of state habeas petitions. Rule 9(a) provides:

Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

The Advisory Committee Note to the rule states:

This rule is intended to minimize abuse of the writ of habeas corpus by limiting the right to assert stale claims ....

Subdivision (a) provides that a petition attacking the judgment of a state court may be dismissed on the grounds of delay if the petitioner knew or should have known of the existence of the grounds he is presently asserting in the petition and the delay has resulted in the state being prejudiced in its ability to respond to the petition. If the delay is more than five years after the judgment of conviction, prejudice is presumed, although this presumption is rebuttable by the petitioner.[1] Otherwise, the state has the burden of showing such prejudice.

....

Subdivision (a) is not a statute of limitations. Rather, the limitation is based on the equitable doctrine of laches. "Laches is such delay in enforcing one's rights as works disadvantage to another." 30A C.J.S. Equity § 112, p. 19. Also, the language of the subdivision, "a petition *may* be dismissed" (emphasis added), is permissive rather than mandatory. This clearly allows the court which is consider-

---

1. As originally promulgated, Rule 9(a) provided that a petition filed more than five years after the conviction was presumed to have prejudiced the state. This provision was deleted by Congress because it was too harsh. H.R.Rep. No. 1471, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2478, 2481; *McDonnell v. Estelle*, 666 F.2d 246, 251 (5th Cir.1982) (footnote by the Court).

ing the petition to use discretion in assessing the equities of the particular situation.

. . . .

The standard used for determining if the petitioner shall be barred from asserting his claim is consistent with that used in laches provisions generally. The petitioner is held to a standard of reasonable diligence. Any inference or presumption arising by reason of the failure to attack collaterally a conviction may be disregarded where (1) there has been a change of law or fact (new evidence) or (2) where the court, in the interest of justice, feels that the collateral attack should be entertained and the prisoner makes a proper showing as to why he has not asserted a particular ground for relief.

■ Under Rule 9(a), dismissal of a habeas petition is in the district court's discretion. To provide grounds for dismissal,

the state must [first] appear to have been prejudiced in its ability to respond to petitioner's claims. Second, the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier.

*Davis v. Adult Parole Authority,* 610 F.2d 410, 414 (6th Cir.1979); *see also Mayola v. Alabama,* 623 F.2d 992 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981).

■ The state must make a particularized showing of prejudice in its ability to respond. *McDonnell v. Estelle,* 666 F.2d 246, 251 (5th Cir.1982); *Paprskar v. Estelle,* 612 F.2d 1003, 1008 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). Delay alone is not sufficient to dismiss a petition pursuant to Rule 9(a). *Baxter v. Estelle,* 614 F.2d 1030 (5th Cir. 1980), *cert. denied,* 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981) (fifteen-year de-

lay alone not sufficient to invoke Rule 9(a) ); *Sutton v. Lash,* 576 F.2d 738 (7th Cir.1978) (twenty-one year delay); *see also Jackson v. Estelle,* 570 F.2d 546 (5th Cir. 1978) (thirty-year delay prior to rule's effective date). The state must prove that the delay has prejudiced it in its ability to answer the petition.

■ Bowen alleges that his plea was involuntary because he was not informed of his constitutional rights by the presiding judge and because it resulted from threats made by his attorney. The state made a particularized showing of prejudice, including an affidavit of the clerk of the sentencing court stating that no transcripts of any hearings from the earlier proceedings exist. Thus, testimony from the presiding judge or the prosecutor regarding the voluntariness of the guilty plea would be based on recollections of events taking place almost seventeen years ago.

In addition, the state has produced evidence that the attorney whom Bowen contends coerced him into entering his plea died in 1971. The attorney therefore could not be examined regarding Bowen's allegations of coercion. Had the petition not been delayed, the attorney's testimony would have been available.

Bowen was given the opportunity to rebut the showing of prejudice and explain his delay as required by Rule 9(a). *See* Advisory Committee Note, Rule 9(a), Rules Governing Section 2254. He has failed to rebut the state's showing of prejudice and has made no allegations explaining the lengthy delay.

The district court's dismissal of Bowen's petition for a writ of habeas corpus is affirmed. The mandate shall issue forthwith.