946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Austin MARTIN, Defendant-Appellant.
 No. 90-6191.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 12, 1991.
Decided Oct. 3, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CR-87-51, CA-90-34-E)
 Richard Austin Martin, appellant pro se.
 Lisa Ann Grimes, Special Assistant United States Attorney, Elkins, W.Va., for appellee.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Austin Martin, a federal prisoner, appeals from an order of the district court dismissing his motion under 28 U.S.C. § 2255 for lack of subject matter jurisdiction. We vacate the decision of the district court and remand for further consideration.
 
 
 2
 Martin was convicted by a jury in 1988 of two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 1202(a)(1).* At sentencing the government introduced evidence that Martin had previously been convicted of three felonies and sought enhanced penalties under the statute in accordance with the Armed Career Criminal Act of 1984. In May 1988 Martin received concurrent sentences, enhanced in accordance with the statute, of fifteen years on each count. We affirmed Martin's conviction and sentence. United States v. Martin, No. 88-5566 (4th Cir. Mar. 7, 1989) (unpublished). Martin is currently serving these sentences at the federal prison in Lewisburg, Pennsylvania.
 
 
 3
 In 1989 Martin filed a petition under 28 U.S.C. § 2254 in the Middle District of Pennsylvania arguing that his conviction in 1956 in the Circuit Court for Randolph County, West Virginia, for felony burglary was unconstitutional because of ineffective assistance of counsel. This conviction was one of the three used to enhance his sentence under the federal firearms statute. After some initial skirmishing, Martin's action was transferred to the Northern District of West Virginia to be treated as a motion under § 2255.
 
 
 4
 After transfer, the government filed a response to the § 2255 motion and the case was referred to the magistrate judge for a recommendation. The magistrate judge issued a report recommending that the motion be dismissed for lack of subject matter jurisdiction because Martin was not "in custody" for the purposes of federal habeas relief and, in the alternative, that it be denied as untimely under Rule 9(a) of the Rules Governing § 2255 Cases. Martin filed timely objections to the magistrate judge's recommendation. The district court, after de novo review of the record, adopted the magistrate judge's recommendation and dismissed the motion for lack of jurisdiction. Martin noticed a timely appeal.
 
 
 5
 Both the magistrate judge and the district court concluded that the federal court lacked jurisdiction over Martin's motion because he was no longer "in custody" for the purposes of 28 U.S.C. § 2255. They based their conclusion upon their reading of Maleng v. Cook, 57 U.S.L.W. 4537 (U.S.1989) (per curiam ).
 
 
 6
 In Maleng, the Court ruled that federal courts do not have jurisdiction over a habeas petition challenging a sentence which has fully expired even though that sentence may have been used to enhance a sentence which has not expired. Id. at 4538. However, the Court left open the question of the extent to which an earlier expired conviction may be subject to challenge in a collateral attack upon a later unexpired sentence which the earlier conviction was used to enhance. Id. at 4539.
 
 
 7
 Though initially filed as a petition under § 2254 challenging the 1956 state conviction, the action was converted to one under § 2255 challenging Martin's current federal sentence when it was transferred to the Northern District of West Virginia. Accordingly, the magistrate judge's conclusion that subject matter jurisdiction was foreclosed by the decision in Maleng is incorrect. The instant fact pattern--a collateral attack upon a current conviction which calls into question the validity of an underlying, expired sentence--presents precisely the question left open in Maleng. Those circuits which have addressed the question since Maleng have unanimously concluded that federal courts possess jurisdiction to review this type of claim. Fox v. Kelso, 911 F.2d 563, 567-68 (11th Cir.1990); Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990), cert. denied, 59 U.S.L.W. 3454 (U.S.1991); Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir.1990); Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir.), cert. denied, 59 U.S.L.W. 3250 (U.S.1990); Clark v. Pennsylvania, 892 F.2d 1142, 1149-52 (3d Cir.1989), cert. denied, 58 U.S.L.W. 3801 (U.S.1990); Taylor v. Armentrout, 877 F.2d 726, 727 (8th Cir.1989). See also Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990) (noting that Maleng left open the question of jurisdiction to consider this type of challenge).
 
 
 8
 Though the district court dismissed the motion for lack of jurisdiction, we address the magistrate judge's conclusion regarding the timeliness of the motion since the issue may arise again on remand.
 
 
 9
 The magistrate judge made an alternate recommendation that the motion be dismissed under Rule 9(a) because the delay in filing had prejudiced the government. Under this Rule, the government must make a particularized showing of prejudice. Alexander v. Maryland, 719 F.2d 1241, 1246 (4th Cir.1983); Campas v. Zimmerman, 876 F.2d 318, 325 (3d Cir.1989); Lawrence v. Jones, 837 F.2d 1572, 1575 (5th Cir.1988) (even where delay is unreasonable state must still make showing of prejudice); Bowen v. Murphy, 698 F.2d 381, 383 (10th Cir.1983). After such an affirmative showing has been made the court must offer the movant an opportunity to rebut the showing of prejudice or show that the prejudice was unavoidable. Strahan v. Blackburn, 750 F.2d 438, 441 (5th Cir.), cert. denied, 471 U.S. 1138 (1985); Bowen, 698 F.2d at 383; Davis v. Adult Parole Auth., 610 F.2d 410, 414 (6th Cir.1979).
 
 
 10
 While the question of prejudice was addressed by the parties while the action was pending in the Middle District of Pennsylvania, it has not been raised since that time. After the transfer the government argued instead that the available record indicated that the underlying conviction was valid. Decisions as to whether to dismiss under Rule 9(a) lie within the district court's sound discretion. Alexander v. Maryland, 719 F.2d 1241, 1246-47 (4th Cir.1983). Because of the district court's focus on the jurisdictional question it is unclear how it resolved the question of prejudice. Accordingly, we believe it more appropriate for the district court on remand to determine whether the government wishes to pursue the prejudice argument and, if so, to exercise its discretion in the first instance in deciding that question.
 
 
 11
 In conclusion, we vacate the district court's order dismissing Martin's motion for lack of subject matter jurisdiction and remand for further consideration of his claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 Now codified at 18 U.S.C. § 922(g)(1)