**Laville HANNON, Petitioner,**

v.

**Herb MASCHNER, et al., Respondents.**

No. 85–3330–S.

United States District Court,
D. Kansas.

Jan. 24, 1992.

David R. Gilman, James F. Vano, Overland Park, Kan., for petitioner.

JaLynn M. Copp, Asst. Atty. Gen., Kansas Judicial Center, Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate serving a life sentence, is incarcerated at the Lansing Correctional Facility, Lansing, Kansas. Petitioner's action was filed on December 30, 1985. This court denied all relief and dismissed the petition on March 31, 1986. Petitioner filed a notice of appeal with the United States Court of Appeals for the Tenth Circuit and the action was reversed and remanded to this court for further action. The parties filed cross-motions for summary judgment.

Having reviewed the record and the motions, the court makes the following findings and order.

*Factual Background*

In June, 1959, Laville Hannon, a seventeen-year-old black youth who had been hospitalized at least once because of a mental disorder, was wanted for questioning by the police. Petitioner's parents had been told the police wished to speak to their son about some missing hubcaps. They, therefore, dropped petitioner at the stationhouse on their way to work.

Once petitioner was at the stationhouse, the questioning turned to a recent homicide. Although petitioner was advised of his rights, the police ignored the fact that he was underage, suffered from some mental disability, was without the advice of his parents or the counsel of an attorney, and sought to elicit a confession. Petitioner claims he confessed after he was told he would be treated with leniency because of his age and because the victim's wife would not press charges. After the confession was secured, the police officers asked petitioner and his co-defendant, James Bailey, to accompany them to the scene and reenact the crime. The petitioner agreed and the reenactment was photographed. The photographs were admitted into evidence and submitted to the jury during trial.

Paul Gray was appointed counsel for both petitioner and his co-defendant. Gray had never tried a murder case and had never taken an appeal in his seven years of practice.

At trial, virtually all of the evidence against petitioner was derived from the confession and the photographs of the reenactment. The state also introduced the deposition of a doctor who treated the victim. Because defense counsel waived petitioner's right to be present, petitioner did not attend the doctor's deposition. Although counsel entered several timely objections at trial, "to preserve the record," the defense presented no evidence.

Petitioner was convicted and sentenced to life imprisonment at hard labor.[1] No direct appeal was taken from petitioner's conviction and petitioner has been in the custody of the Kansas Department of Corrections since January 13, 1960.

In early 1961, petitioner sought to acquire the transcripts of his trial and to appeal his conviction. His correspondence to the state trial court indicated that his attorney had abandoned his case and that he did not know he had a right to an appeal.

In 1965, petitioner filed an unsuccessful post-conviction motion pursuant to K.S.A. 60–1507. In 1966, petitioner sought permission to file an appeal out-of-time with the Kansas Supreme Court. The motion was denied.

In October 1969, petitioner once more sought post-conviction relief pursuant to K.S.A. 60–1507. Again, relief was denied.

In 1971, petitioner filed a petition for writ of habeas corpus in federal court alleging: (1) he was denied the right to confrontation at his trial; (2) his confession was coerced; (3) he was denied the right to appeal; and (4) defense counsel was presented with a conflict of interest in representing both petitioner and his co-defendant. This court found the first two issues exhausted and ruled against petitioner on the merits. The other two issues were deemed unexhausted and not properly before the court. On appeal, the Tenth Circuit Court of Appeals affirmed in December 1972.

In December 1982, petitioner filed a motion for trial records, claiming the copy he once had was taken from him while he was in prison in Missouri. Petitioner was advised the state did not have a copy of the requested materials. Petitioner requested the records again in May 1985 and the request was again denied.

In March 1983, petitioner sought relief in the Kansas Supreme Court claiming that defense counsel's failure to file a direct appeal from his conviction constituted ineffective assistance of counsel. The petition was denied without opinion in April 1983.

The present action was then filed with this court. Petitioner argued that, under the circumstances of his case, reasonable counsel would have filed an appeal. The State responded that an appeal would have been frivolous and that petitioner's delay in filing the petition had prejudiced the State. This court agreed and dismissed the petition.

On appeal, the United States Court of Appeals for the Tenth Circuit reversed and remanded holding that the dismissal of the petition for "unexcused delay" was erroneous because the State had failed to prove it was prejudiced in its ability to respond to the petition pursuant to Rule 9(a) under 28 U.S.C. § 2254. The Court of Appeals also held that petitioner's ineffective assistance of counsel claim may not be dismissed on the merits without a determination of whether the failure to appeal was attributable to counsel's error or defendant's knowing and intelligent waiver of his right to appeal.

This court has revisited the record and concludes that respondent's motion for summary judgment should be denied and petitioner's motion for summary judgment should be sustained. The court finds that the petition for the writ of habeas corpus should be granted.

*Discussion*

Rule 9(a) states:

"Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

 Rule 9(a) is not a statute of limitations, but rather a provision based upon the doctrine of laches. *Bowen v. Murphy,* 698

---

1. Petitioner's co-defendant sought, and was granted, a severance from petitioner case. Bailey pled guilty and was also sentenced to life in prison. Bailey, however, was paroled a number of years ago.

F.2d 381, 382 (10th Cir.1983). Delay does not automatically result in the dismissal of a petition. Delay is only relevant if it is inexcusable and the state can prove it was prejudiced in its ability to answer the petition. *Hannon v. Maschner*, 845 F.2d 1553 (10th Cir.1988). The state must make a particularized showing of its inability to respond to the petition. *Bowen* at 383. Only then is the petitioner required to dispute the existence of prejudice or prove that he could not have had knowledge of the grounds his petition asserts. *Hannon* at 1555.

■ The state in its motion for summary judgment argues it has met its burden of making a particularized showing of prejudice. In support, the state submitted the affidavit of Paul Gray, petitioner's trial counsel. The state claims that Gray's inability to remember the details of the events surrounding petitioner's trial and the lack of an appeal is sufficient to meet the *Bowen* showing of prejudice.

This court is not persuaded by the state's arguments especially in light of the fact that petitioner has also submitted an affidavit from Gray which clearly states Gray believed it was not his duty to file an appeal and that other counsel would be appointed for that task. Gray also unequivocally asserted that petitioner at all times maintained his innocence and demanded a full trial rather than pleading as his co-defendant had. Gray assumed, on this recollection, that petitioner would not have waived his right to appeal or asked his counsel not to appeal. The state's assertion that Gray's statements in the two affidavits are the same is not an accurate reflection of the record.

The court's reading of the affidavits leads to the conclusion that the state has not proved prejudice. Gray's statements are available and after review, the court finds that it is more likely than not that Gray did not intend to take an appeal of petitioner's conviction because he did not believe it was his job to do so. There is absolutely no evidence in the record that petitioner was ever asked about an appeal, let alone that petitioner knowingly and intelligently waived his right to an appeal.

■ There is a presumption against the waiver of fundamental rights. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The state's burden is heavy in proving such a waiver. Here the state has not met its burden.

The court also notes that even if the state had met its burden, the merits of the claim could still be addressed. *Bowen* at 382–83. It is important to note that petitioner has been trying to assert his right to appeal almost from the day he was incarcerated. On numerous subsequent occasions, his efforts to be heard before an appropriate judicial body can best be described as persistent. Petitioner has demonstrated unusual diligence in his attempt to plead his cause. The court, in its discretion, may always assess the equities of a particular situation.

■ The court now turns to the question of whether petitioner has shown that counsel's failure to file a direct appeal constitutes ineffective assistance of counsel. To establish his claims of ineffective assistance of counsel, petitioner must meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part *Strickland* test requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Under *Strickland,* the defendant bears the burden to establish both incompetence and prejudice, and there is a presumption that the attorney's conduct comes within the "wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

■ Petitioner argues, however, and the court agrees, that *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) is controlling in this instance. The court in *Evitts* held that convicted defendants have a constitutional right to effective assistance of counsel on appeal. The court also

noted that when "counsel's failure ... essentially waived respondent's opportunity to make a case on the merits ..., it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." 469 U.S. at 394 n. 6, 105 S.Ct. at 835 n. 6. "In such cases, the *Strickland* test is satisfied because prejudice is presumed." *Hannon* at 1558. "*Evitts* thus establishes that a petitioner's due process rights are violated when counsel's errors denied him direct appellate review of non-frivolous claims." *Hannon* at 1558.[2]

On the facts of this case, there can be no doubt had petitioner filed a direct appeal his claims would not have been considered frivolous. At every step of the proceedings this case presented legitimate reviewable issues. Petitioner was a seventeen-year-old black youth who had only progressed to the seventh grade. He had some history of a mental disorder. He claimed he had difficulty reading and writing. His parents brought him to the stationhouse believing he was being questioned about missing hubcaps. He was alone with police officers who told him he would be treated with leniency if he confessed to the crime. There was no one present to advise him when he gave his statement nor when he agreed to reenact the crime and allow the reenactment to be photographed. In 1959, a black youth confronted by a presumably all-white law enforcement system would likely have felt some intimidation. Whether petitioner's confession was voluntary was clearly a legitimate appealable issue.

Absent petitioner's knowing and intelligent waiver of his right to appeal, under the holding of *Evitts*, the failure of Gray to file an appeal falls well below the *Strickland* standard for effective assistance of counsel. The record before the court contains no evidence that petitioner ever waived his right to appeal. In fact, virtually every action taken by petitioner since his incarceration has been designed to bring his case before a court for consideration.

Unfortunately, petitioner has been thwarted at every turn.

The standards of fairness and justice in cases such as this have changed dramatically since 1959. Protections not afforded to petitioner then are commonplace in today's system of justice. Habeas corpus proceedings have always been governed by principles of equity. *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). "The [Supreme] Court uniformly has been guided by the proposition that the writ should be available to afford relief to those 'persons whom society has grievously wronged' in light of modern concepts of justice." *Id.* at 447, 106 S.Ct. at 2623. This is such a case.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is granted. Petitioner shall be released from custody under this sentence.

---

**2.** See *Baker v. Kaiser*, 929 F.2d 1495, 1499 n. 3 (10th Cir.1991) "If counsel believes the appeal is frivolous, counsel does not have to argue the case, but has the duty to perfect the defendant's right to appeal so that defendant could proceed pro se."