Daniel Eugene REMETA, Petitioner,

v.

Carla STOVALL, et al., Respondents.

No. 98–3091–DES.

United States District Court,
D. Kansas.

March 25, 1998.

Todd G. Scher, Miami, FL, for Petitioner.

Jared S. Maag, Office of Attorney General, Topeka, KS, Kenneth S. Nunnelley, Asst. Attorney General, Daytona Beach, FL, for Respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on petitioner's motion to stay execution (Doc. 6). Petitioner, currently a death row inmate housed in the custody of Florida authorities pursuant to a conviction there, seeks a stay of the execution now scheduled for March 31, 1998. By its Order entered March 19, 1998 (Doc. 7), the court granted petitioner's motions for leave to proceed in forma pauperis and for the appointment of counsel and set this matter for hearing on March 24, 1998. Having heard the arguments of the parties, the court now enters the following order.

A brief factual summary is sufficient. In early July 1985, petitioner entered guilty pleas in the District Court of Thomas County, Kansas, to two counts of first-degree murder, two counts of aggravated kidnapping, one count of aggravated battery against a law enforcement officer, and three counts of aggravated battery. A few days later he entered guilty pleas in the District Court of Gove County, Kansas, to charges of murder and aggravated robbery. In 1986, petitioner was convicted of first degree murder and sentenced to death for the February 8, 1985, murder of a convenience store clerk in Ocala, Florida. During both the guilt and penalty phases, the state offered evidence of petitioner's Kansas crimes.[1]

---

1. The evidence was offered at the guilt phase to establish identity and participation, and during the penalty phase to establish aggravating cir-

Petitioner did not appeal his Kansas convictions, but on April 21, 1997, he filed a motion for postconviction relief pursuant to K.S.A. 60–1507 in the District Court of Thomas County. That court denied the motion without a hearing by an order dated May 12, 1997, and petitioner timely appealed to the Kansas Court of Appeals. The parties filed briefs in the matter in late 1997 and the matter remains pending. The Governor of Florida signed petitioner's death warrant on December 9, 1997.

Counsel for petitioner commenced the present action on March 18, 1998, and seeks both a stay of execution and review of the merits. The respondents to the present action are the Attorney General for the State of Kansas and the Secretary of the Florida Department of Corrections.

**Authority to issue stay**

■ The parties have vigorously debated whether this court has jurisdiction to stay the Florida execution. The court finds jurisdiction is proper. First, the plain language of 28 U.S.C. § 2251 supports this result:

**Stay of state court proceedings.** A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State court or by or under the authority of any State for any matter involved in the habeas proceeding.

. . . .

■ Next, Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that where a habeas petitioner is not currently in custody pursuant to the state court judgment from which relief is sought, "the officer having present custody of the applicant and the attorney general of the state in which the judgment which he seeks to attack was entered shall each be named as respondents." The court therefore finds the named respondents to this action are proper parties and rejects the request for dismissal submitted by respondent Singletary.

cumstances. *Remeta v. State*, 522 So.2d 825

■ Because these provisions do not grant death-sentenced inmates an automatic stay of execution, the court has carefully reviewed the petitioner's claims. After considering the nature of the claims and the relevant case law, the court concludes petitioner has made a sufficient showing to warrant a stay to permit due consideration of his claims of unconstitutional convictions.

■ Several factors support this decision. First, the Supreme Court has clearly stated the standard to be applied when a district court receives a motion for a stay in a petitioner's first federal habeas corpus case. Simply put, that standard requires that "if the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot." *Lonchar v. Thomas,* 517 U.S. 314, 319, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996). Not only is this petitioner's first federal habeas corpus petition to challenge the validity of the Kansas convictions, it is readily apparent that the claims presented are not subject to summary dismissal, as petitioner raises colorable claims of constitutional dimension with evidentiary support. While the court offers no opinion on the merits of these claims, it is nevertheless clear that the claims of ineffective assistance of counsel, involuntary guilty pleas, and newly-discovered evidence are substantial issues which should not be summarily dismissed. *See* Rule 4, Habeas Rules ("If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.")

Next, it is apparent that if the stay is denied while substantial issues are pending in the Kansas Court of Appeals, Remeta will suffer irreparable injury. In contrast, while the entry of a stay will frustrate the Florida procedure, no threat of irreparable injury will occur.

Nor does the timing of this petition, shortly before petitioner's scheduled execution, dictate a different result. *See Lonchar,* 517

(Fla.1988).

U.S. at 329 ("eleventh hour" nature of petition was fact for court to consider but did not require rejection of petition). The court recognizes that "if a dilatory capital defendant inexcusably ignores [the opportunity to challenge a conviction under federal habeas corpus] and flouts the available processes, a federal court presumably would not abuse its discretion in denying a stay of execution." *McFarland v. Scott,* 512 U.S. 849, 858, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). However, under Rule 9(a) of the Habeas Rules, the federal analog of laches, " '[t]he state must make a particularized showing of prejudice in its ability to respond' " to the petition. *Hannon v. Maschner,* 845 F.2d 1553, 1555 (10th Cir.1988) (quoting *Bowen v. Murphy,* 698 F.2d 381, 383 (10th Cir.1983)). The present record does not support a finding of inexcusable delay.

**Exhaustion of State Court Remedies**

Federal habeas corpus relief is available only if a petitioner in custody pursuant to a state court judgment has exhausted state court remedies on all claims presented for federal habeas review. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is excused if there is no corrective state process, or if the process available is ineffective under the circumstances. 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).

Petitioner clearly has not exhausted state court remedies in this case because his Kansas appeal, raising the same issues presented in·the instant petition, is still pending. Respondents contend petitioner's delay in seeking postconviction relief in the Kansas courts renders the state process neither unavailable nor ineffective, and argue the petition must therefore be dismissed based upon petitioner's failure to exhaust state court remedies. Petitioner's counsel represented that the application for writ of habeas corpus under § 2254 was filed only after it became apparent the Kansas appellate court would not decide petitioner's claims prior to petitioner's scheduled execution.

█ Significant federalism and comity concerns attend a federal court's consideration of whether to provide habeas corpus review prior to the state court's resolution of a petitioner's allegations of constitutional error. *Granberry v. Greer,* 481 U.S. 129, 136,

107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). Because the court is not persuaded the Kansas appellate courts ·have inordinately delayed consideration of petitioner's claims, the court finds it appropriate to allow the state courts to evaluate petitioner's allegations of error and order any corrective action that may be required. *See Christy v. Horn,* 115 F.3d 201, 207 (3d Cir.1997) (special circumstance of an imminent execution would allow district court to stay execution and grant motion for abeyance of federal habeas corpus petition in order to protect petitioner's litigation on federal constitutional claims). *See also Harris v. Reed,* 489 U.S. 255, 268, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (exhaustion requirement rooted in federal court's respect for state procedures for correcting constitutional error, and efficiency of having state develop factual and legal bases of petitioner's claims). However, absent intervention by this court, it is obvious such state review of petitioner's claims would be rendered moot by his scheduled execution in Florida.

The court thus concludes this matter should not be dismissed based upon petitioner's failure to exhaust state court remedies. To preserve petitioner's right to federal habeas corpus review, the court finds it necessary to stay this matter to allow petitioner to exhaust available state court remedies in a timely and orderly manner.

**Conclusion**

The execution of petitioner, Daniel Eugene Remeta, currently scheduled for March 31, 1998, by the State of Florida is hereby stayed. This stay is indefinite at this time, and its purpose is to allow the courts of the State of Kansas a reasonable period in which to determine the postconviction motion currently pending in the Kansas Court of Appeals, and, if necessary, a reasonable time for this court to determine the merits of the federal petition following exhaustion of state remedies. Petitioner and respondent State of Kansas are hereby directed to file in the Kansas appellate courts pleadings seeking expedited treatment of the state postconviction motion. Petitioner and respondent are further ordered to file a report with this court as to the status of the state proceedings within sixty (60) days from the date of

this order. At that time, the court will determine whether further action is warranted.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's application for stay (Doc. 6) is granted and that the execution of Daniel Eugene Remeta scheduled for March 31, 1998, by the State of Florida is stayed pending further order of the court.

IT IS FURTHER ORDERED that petitioner and respondent State of Kansas file a status report as directed with this court within sixty (60) days from the date of this order.

IT IS FURTHER ORDERED that respondent Stovall's motion to deny petition and stay of execution (Doc. 9) and respondent Singletary's motion to dismiss (Doc. 10) are denied.