**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 98-6201

CREADELL HUBBARD,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-88-40-BO, CA-97-320-5-BO)

Submitted: June 23, 1998

Decided: August 28, 1998

Before WIDENER and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Creadell Hubbard, Appellant Pro Se. Robert Daniel Boyce, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Creadell Hubbard, a federal prisoner, filed a 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion on April 24, 1997. The Government filed a motion to dismiss the motion under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Government argued that Hubbard's motion was untimely because it was filed one day after the one year grace period ended under the Antiterrorism and Effective Death Penalty Act (AEDPA). The district court decided that Hubbard's motion was timely under the AEDPA, but that because it was filed six years after final judgment, the motion was filed after an unreasonable delay.

The district court stated that Hubbard's motion was not filed within a reasonable time for the commencement of an existing cause of action. The court relied upon Texaco, Inc. v. Short, 454 U.S. 516, 526-29 (1982). That case upheld the extinguishment of a property interest in accordance with a state statute stating the length of time before lapse and reversion occurs. See Texaco , 454 U.S. at 540. Before the enactment of the AEDPA, the filing of a§ 2255 motion did not have a statutory filing deadline.

Rule 9(a) of the Rules Governing § 2255 Proceedings addresses delayed motions. Rule 9(a) states that a § 2255 motion may be dismissed if the government "has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred." Thus, unreasonable delay is a valid basis to dismiss a § 2255 motion.

However, when dismissing under Rule 9(a), the government must make a particularized showing of prejudice. See Alexander v. Maryland, 719 F.2d 1241, 1246 (4th Cir. 1983) (holding, when eight years of twenty-year delay in filing habeas petition was attributable to petitioner, district court correctly declined to dismiss under Rule 9(a) because "mere passage of time is . . . not sufficient . . . the state must make a particularized showing of prejudice"). Campas v.

2

Zimmerman, 876 F.2d 318, 325 (3d Cir. 1989); Lawrence v. Jones, 837 F.2d 1572, 1575 (5th Cir. 1988); Bowen v. Murphy, 698 F.2d 381, 383 (10th Cir. 1983). After such an affirmative showing has been made, the court must offer the movant an opportunity to rebut the showing of prejudice or show that the prejudice was unavoidable. See Strahan v. Blackburn, 750 F.2d 438, 441 (5th Cir. 1985); Bowen, 698 F.2d at 383; Davis v. Adult Parole Auth., 610 F.2d 410, 414 (6th Cir. 1979).

The question of prejudice was not addressed by the parties. Because the Government must make a particularized showing of prejudice to warrant dismissal of the motion on the basis of unreasonable delay, we grant a certificate of appealability, vacate the district court order, and remand the case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3