FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 15, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

WENDELL MONTRELL HAYES,

Petitioner - Appellant,

v.

JOSEPH NORWOOD,

Respondent - Appellee.

No. 23-6089
(D.C. No. 5:22-CV-00879-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner Wendell Montrell Hayes, appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

application for habeas relief.  He also requests leave to proceed *in forma pauperis*.  For

the reasons stated below, we deny his request for a COA and dismiss this matter.  We

also deny the motion to proceed *in forma pauperis*.

I.

In 2000, an Oklahoma jury convicted Petitioner of first-degree murder and

conspiracy to commit a felony.  A public defender represented Petitioner during his trial

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and sentencing, although Petitioner tried unsuccessfully to bring in a private defense attorney on the day his trial began. After sentencing, the judge informed Petitioner of his right to appeal, reminding Petitioner that he must file a notice of intent to appeal within ten days if he wished to appeal. Petitioner stated that he wished to appeal. The judge also stated that she believed Petitioner was able to afford appellate counsel because of Petitioner's last-minute attempts to hire counsel. Accordingly, the judge denied any request for court-appointed counsel or transcripts at public expense. Petitioner filed a notice of appeal but failed to timely file a petition in error for his appeal, so the Oklahoma Court of Criminal Appeals ("OCCA") dismissed his appeal on June 19, 2001.[1]

Over twenty years later—on February 2, 2022—Petitioner applied for postconviction relief in the Oklahoma County District Court seeking an appeal out of time from his judgment and sentence. Petitioner claimed that he received ineffective assistance of counsel because his trial counsel did not file his appeal brief. Plaintiff also claimed that the court abused its discretion in refusing to appoint appellate counsel. The court denied his request, finding that the OCCA dismissed his appeal because of Petitioner's own inaction. The OCCA denied Petitioner's appeal for the same reasons.

On October 6, 2022, Petitioner filed an application under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma, raising the same

---

[1] Petitioner apparently believes that his attorney failed to file the Notice of Intent to Appeal and Designation of Record required by Rule 1.14(C), Rules of the Oklahoma Court of Criminal Appeals ("OCCA Rules"). According to the fact findings of the Oklahoma County District Court Case No. CF-1999-5510, Petitioner's public defender filed a notice of intent to appeal and withdrew as counsel.

claims he raised in his state court proceeding. The magistrate judge filed a Report and Recommendation, recommending dismissal for untimeliness because Petitioner filed his petition twenty years too late and was not entitled to statutory or equitable tolling. The Report and Recommendation advised Petitioner of his right to file an objection, stating that failure to timely file an objection would result in waiver of the right to appellate review.

Petitioner filed objections to the Report and Recommendation. The district court found the objections timely, but not specific. It adopted the Report and Recommendation, dismissing Petitioner's action with prejudice as untimely and denying a COA.

Petitioner appeals the dismissal and requests a COA.

## II.

### A.

A party may object to a magistrate judge's findings and recommendations within fourteen days of receiving service. Fed. R. Civ. P. 72(b)(2). A party's objections must be specific to preserve an issue for review. Id.; accord United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996). Under our firm waiver rule, failure to timely object forecloses appellate review unless the interests of justice require our review or unless a pro se litigant was not "informed of the time period for objecting and the consequences of failing to object." Johnson v. Reyna, 57 F.4th 769, 778 (10th Cir. 2023) (quoting Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006)).

3

Here, the magistrate judge informed Petitioner of the period for objecting and the consequences of failing to object to the Report and Recommendation. Petitioner filed timely objections. But Petitioner's objections lacked specificity because he did not address the magistrate judge's finding that Petitioner filed his habeas petition decades too late.

This Court has not decided whether the firm waiver rule operates as an independent basis for denying a COA. See Glaser v. Archuleta, 736 F. App'x 733, 736 (10th Cir. 2018) (unpublished); United States v. Thyberg, 722 F. App'x 847, 850 (10th Cir. 2018) (unpublished). We decline to decide whether to apply the firm waiver rule here and, if so, whether the interests-of-justice exception requires our consideration despite waiver. Instead, we conclude that even without the firm waiver rule as a bar, Petitioner is not entitled to a COA under the traditional framework.

B.

To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to "show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). When a district court denies a habeas application on procedural grounds, including for untimeliness, a petitioner requesting a COA must also show us that reasonable jurists could debate the correctness of the procedural ruling. Slack, 529 U.S. at 484. When we can rule based on the procedural question without addressing the constitutional merits question, we often do so. Id. at 485.

4

Petitioners generally must file a habeas application within one year of the date their judgment becomes final.  28 U.S.C. § 2244(d)(1)(A); Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).  Petitioner's judgment became final on March 7, 2001, his deadline to file a petition-in-error for his direct appeal under OCCA Rule 2.1(C).  Petitioner waited over twenty years to file a habeas application.  Thus, Petitioner's application was untimely under § 2244(d)(1)(A).

Statutory tolling is available under § 2244(d)(1)(D), which tolls the 1-year clock to file a § 2254 petition until the date a petitioner could have discovered the claims using due diligence.  We also recognize equitable tolling "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)).

In a supplementary filing, Petitioner invoked statutory tolling under § 2244(d)(1)(D). In support, Petitioner claims his mental health and reduced mental capacity prevented him from understanding his rights on appeal, recognizing his counsel's ineffectiveness, and filing his habeas claim for over twenty years.  We also construe these arguments as invoking equitable tolling.

Petitioner points to Hannon v. Maschner, 781 F. Supp. 1547, 1550 (D. Kan.), aff'd, 981 F.2d 1142 (10th Cir. 1992), in which a district court excused a delay of over twenty years in filing a habeas petition based on the petitioner's "unusual diligence in his attempt to plead his cause" "almost from the day he was incarcerated."  This is neither controlling nor analogous.  Petitioner's arguments do not show that he exercised due

diligence or that he could not have discovered his habeas claims for over two decades even if he had exercised due diligence.

The record reflects that Petitioner took no action for over twenty years. Multiple unpublished opinions from this Court hold that much shorter gaps cannot constitute due diligence. See Trujillo v. Tapia, 359 F. App'x 952, 954 (10th Cir. 2010) (three years of inaction showed lack of due diligence); Hicks v. Kaiser, 203 F.3d 835 (10th Cir. 2000) (two-year gap between finality of conviction and habeas challenge "demonstrates a lack of diligence, even if [the petitioner] was initially hampered by his attorney's unavailability."). We hold that Petitioner did not exercise due diligence. Thus, Petitioner is entitled to neither statutory tolling under § 2244(d)(1)(D) nor equitable tolling.

Petitioner argued for tolling under 28 U.S.C. § 2244(d)(2) at the district court but abandoned the argument on appeal. On appeal, Petitioner argued for tolling under § 2244(d)(1)(B)—but he failed to make this argument at the district court and did not request plain-error review. Thus, Petitioner waived both these arguments. See United States v. Carrasco-Salazar, 494 F.3d 1270, 1272–73 (10th Cir. 2007) ("an abandoned objection is waived"); In re Rumsey Land Co., LLC, 944 F.3d 1259, 1271 (10th Cir. 2019) (citing Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1131 (10th Cir. 2011) (failure to argue for plain error of an argument raised for the first time on appeal constitutes waiver).

Because Petitioner fails to meet the statutory requirements and does not qualify for equitable tolling, reasonable jurists could not debate whether the court should have resolved the petition differently. We therefore deny Petitioner's request for a COA.

6

Because we deny the COA, we do not reach the merits of his petition and dismiss this

matter.  We deny the motion to proceed *in forma pauperis*.

Entered for the Court

Joel M. Carson III
Circuit Judge