No. 45,965

LAVILLE HANNON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(479 P. 2d 852)

Opinion filed January 23, 1971.

*William R. Chambers*, of Kansas City, argued the cause and was on the brief for appellant.

*Nick A. Tomasic*, Chief Deputy County Attorney, argued the cause and *Kent Frizzell*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from an order denying petitioner's motion for post-conviction relief (K. S. A. 60-1507) after a full evidentiary hearing.

Petitioner Hannon was convicted of first degree murder on December 18, 1959, and was sentenced to the state penitentiary for life. No direct appeal was attempted from the conviction and sentence.

Now, ten years after his conviction, petitioner has filed the present motion for post-conviction relief. His specifications of error concern the admission of evidence during the original trial. His first contention concerns a deposition of a doctor who was unavailable at trial. The doctor's testimony corroborated other testimony relating to the cause of death. The doctor's deposition was obtained at the request of petitioner's trial counsel and was introduced during the trial while petitioner was present. There was no objection to its introduction. The state previously had requested that testimony of the doctor at a preliminary hearing be used at the trial but, after objection by petitioner's counsel, the state consented

to the taking and to the use of the deposition in lieu of the testimony at the preliminary hearing. (See *State v. Terry,* 202 Kan. 599, 451 P. 2d 211 and *State v. Washington,* 206 Kan. 336, 479 P. 2d 833.)

The second error specified by petitioner is in the admission of a confession in writing taken by police officers after petitioner was fully advised of his constitutional rights, including the right to have counsel present. (See *State v. Hinkle,* 206 Kan. 472, 479 P. 2d 841.)

Constitutional rights, such as the right to be confronted by witnesses against you at the trial and the right to be represented by an attorney during interrogation, may be knowingly, intelligently and effectively waived. (See *Fay v. Noia,* 372 U. S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822; *Henry v. Mississippi,* 379 U. S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564 and *Johnson v. Zerbst,* 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A. L. R. 357.)

The matters about which petitioner now complains involve alleged trial errors which occurred ten years before the present proceeding was instigated. We have reviewed the record presented by petitioner and find no facts or circumstances which excuse a failure to appeal from the conviction. Present counsel makes no attempt to point out exceptional circumstances which might excuse the failure to appeal.

The post-conviction remedy provided by K. S. A. 60-1507 cannot be used as a substitute for a direct appeal involving mere trial errors. If trial errors affect constitutional rights it is required that exceptional circumstances be shown excusing the failure to appeal before such errors will be considered in collateral post-conviction proceedings.

Supreme Court Rule No. 121 (c) (3) (205 Kan. xlv) provides:

"(3) a proceeding under section 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal."

The requirement that exceptional circumstances excusing the failure to appeal be shown has been recently iterated in *Barnes v. State,* 204 Kan. 344, 350, 461 P. 2d 782; *Jackson v. State,* 204 Kan. 841, 843, 466 P. 2d 305 and *Eaton v. State,* 206 Kan. 187, 188, 476 P. 2d 694.

In the present case ten years have elapsed since the evidence was introduced and admitted at the trial. No exceptional circumstances excusing the failure to appeal have been suggested to this court. In the absence of such a showing the post-conviction remedy provided by K. S. A. 60-1507 cannot be used to obtain an examination on appeal of these alleged trial errors.

The judgment is affirmed.