LaVille HANNON, Petitioner–Appellant,

v.

Herb MASCHNER and Attorney General of the State of Kansas, Respondents–Appellees.

No. 86–2117.

United States Court of Appeals, Tenth Circuit.

May 10, 1988.

As Amended June 14, 1988.

David R. Gilman (James F. Vano, on the brief), Overland Park, Kan., for petitioner-appellant.

Gregory G. Hough, Asst. Atty. Gen. (Gerald R. Kuckelman, Asst. Atty. Gen., with him, on the brief), Kansas Judicial Center, Topeka, Kan., for respondents-appellees.

Before SEYMOUR, McWILLIAMS, and MOORE, Circuit Judges.

SEYMOUR, Circuit Judge.

Laville Hannon filed a habeas corpus petition alleging ineffective assistance of appellate counsel in his state court criminal proceedings. The district court dismissed the petition for unexcused delay under Rule 9(a), 28 U.S.C. foll. § 2254 (1982), and on the merits. We reverse and remand.

I.

In 1959, Hannon was a seventeen-year-old black youth who had been hospitalized on at least one occasion because of a mental disorder. Although he was in the seventh grade, he alleges that his ability to read and write was limited.

In June 1959, the local police contacted Hannon's parents to ask if they would bring their son to the stationhouse for questioning in regard to some missing hubcaps. They dropped the boy off late that

afternoon. Although the interrogating officers advised Hannon of his rights, they ignored his mental disability and his lack of access to the advice of his parents or an attorney, and sought to procure a confession for a recent homicide. Hannon confessed to the crime after he was allegedly promised leniency by the officers. Hannon testified at the suppression hearing that he would not have confessed had he not been told that the victim's wife would not press charges and that because of his age he would not be severely punished. Rec, vol. 4, at 86. The court permitted the state to present the confession to the jury.

With the aid of state appointed counsel, Hannon pled not guilty and proceeded to trial. Substantially all of the evidence against him was derived from the confession. The state also introduced the deposition of a doctor who treated the victim.[1] The jury was read the deposition and was permitted to take the document into the jury room. No autopsy was performed. Defense counsel logged numerous objections throughout the proceedings with the stated purpose of preserving the record. Several of these objections involved the admission of the confession. However, the defense presented no witnesses.

Hannon was convicted and sentenced to life imprisonment at hard labor. Although a motion for a new trial was lodged and denied, no appeal was filed. While in prison, Hannon increased his reading and writing ability. Thereafter, he requested the appeal he never had. Correspondence between the petitioner and state authorities, as early as 1961 and certainly no later than 1965, confirms that Hannon wanted to appeal his conviction. He wrote that his attorney had abandoned his case and that he had not known that he had the right to

appeal much less how to do it or what time limits might exist. This correspondence reveals that he attempted to raise the substance of his current claim within five years of his conviction. The state repeatedly adhered to its procedural rules, Kan.Stat.Ann. §§ 22–3606, 60–2103 (1983), and denied Hannon an out-of-time appeal.

After repeated denials of his request for a direct appeal, Hannon attempted to use the state post-conviction process to attain review of the alleged constitutional errors at his trial.[2] Although a state habeas court held an evidentiary hearing on his claims, no appellate court gave the merits more than cursory review. The constitutional rights at issue, the Kansas Supreme Court recognized, "may be knowingly, intelligently and effectively waived." *Hannon v. State*, 206 Kan. 518, 479 P.2d 852, 853 (1971). Without extending any consideration to the specifics of the case (*i.e.*, Hannon's age and mental ability), the court asserted that Hannon had not established "exceptional circumstances" justifying his failure to appeal; thus, it presumed waiver of any constitutional right to which Hannon may have been entitled. The court supported its decision by asserting that the Kansas post-conviction statute was not a substitute for a foregone direct appeal. *See id.*

In the early 1970s, Hannon filed a pro se petition for habeas corpus in federal court alleging, *inter alia*, ineffective assistance of counsel. The district court dismissed that claim for failure to exhaust state remedies, and we affirmed.[3] Hannon filed a state petition on ineffectiveness grounds in the early 1980s. It was summarily denied.

In 1985, Hannon petitioned a federal court alleging that his counsel's failure to file a timely notice of appeal from his con-

1. At a pretrial conference which Hannon did not attend, defense counsel waived Hannon's right to be present at the doctor's deposition.

2. These errors included the admission of the allegedly coerced confession, and the admission of the deposition of the doctor who examined the murder victim.

3. Hannon also raised the issues of his coerced confession and the admission of the doctor's

deposition, issues which he had exhausted. The district court reviewed the state court records, including the 1969 state post-conviction transcript, and found against defendant without an evidentiary hearing. We affirmed. However, consideration of the alleged trial errors under restricted state habeas standards, *see Hannon*, 479 P.2d 852, is not a constitutionally adequate substitute for a direct appeal. *See Bell v. Lockhart*, 795 F.2d 655, 658 (8th Cir.1986).

viction constituted ineffective assistance of counsel.[4]  He argues that had his counsel performed reasonably, he would have perfected an appeal under the circumstances of this case.[5]  The state responded that the ineffectiveness claim lacked merit and that his delay in filing the petition prejudiced the state.  The district court agreed and dismissed the petition.

## II.

Relying on Rule 9(a) under 28 U.S.C. § 2254, the district court asserted that the "most convincing" reason to dismiss Hannon's petition was what it termed "unexcused delay."  Rec., vol. 1, doc 9, at 2–3.  Dismissal on this ground was error.  *See Bowen v. Murphy*, 698 F.2d 381 (10th Cir. 1983) (per curiam) (setting out standards under Rule 9(a) following section 2254); *cf. United States v. Gutierrez*, 839 F.2d 648 (10th Cir.1988) (per curiam) (applying rationale from Rule 9(a) following section 2254 to a section 2255 case).

Rule 9(a) states:

"Delayed petitions.  A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

28 U.S.C. foll. § 2254.  In *Bowen*, we held that Rule 9(a) is not a statute of limita-

tions; rather it provides the state with an equitable defense to unjustifiably delayed petitions.  698 F.2d at 382–83.  Because Congress specifically removed a provision that provided a presumption of prejudice for a delay of more than five years, we "rejected a diligence requirement per se," *Gutierrez*, 839 F.2d at 650, and held that in order to establish adequate grounds for dismissal "[t]he state must make a particularized showing of prejudice in its ability to respond," *Bowen*, 698 F.2d at 383.  Delay is irrelevant unless it is inexcusable and the state can "prove that the delay has prejudiced it in its ability to answer the petition."  *Id.; see Gutierrez*, 839 F.2d at 650–52.

Once the state has proven prejudice, the petitioner must be accorded an opportunity to respond either by disputing the existence of prejudice or by proving "that for some period of the time between his conviction and seeking the writ he could not have had knowledge of the grounds his petition asserts."  *Marks v. Estelle*, 691 F.2d 730, 734 (5th Cir.1982), *cert. denied*, 462 U.S. 1121, 103 S.Ct. 3090, 77 L.Ed.2d 1351 (1983); *see McGee v. Estelle*, 732 F.2d 447, 451 (5th Cir.1984) (per curiam); *Alexander v. Maryland*, 719 F.2d 1241, 1246–47 & n. 10 (4th Cir.1983); *McDonnell v. Estelle*, 666 F.2d 246, 253–54 (5th Cir.1982) (quoting Rule 9(a), 28 U.S.C. foll. § 2254); *cf. Gutierrez*, 839 F.2d at 652 (applying same procedure to section 2255 cases).  If the petitioner successfully demonstrates the latter, the state bears the burden of proving that "it has suffered some prejudice after that peri-

---

**4.** Because an attorney entered an appearance on behalf of Hannon in the district court, a dispute arose as to whether the petition prepared by Hannon without the aid of his attorney was entitled to the liberal construction afforded to pro se petitions under *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  We have no need to decide this issue, because Hannon's petition stated his claim for relief with sufficient clarity under any appropriate construction.  Under ground for relief, Hannon wrote "Enefective assistance of counsel (sic)."  Under supporting facts he wrote:

"Counsel did not file a timely notice of appeal, thus denying me the right to appeal since I did not know how to do it and could not read or write at that time it denied me the right to appeal my conviction...."

Rec., vol. I, doc. 2, at 8.  This statement was more than sufficient to state a claim for relief.

**5.** In addition, Hannon's petition raised an equal protection challenge to the state rule denying him an out-of-time appeal.  The district court denied the claim.  Hannon does not appeal this ruling.  His petition also sought relief because of the state's refusal to supply him with a transcript.  Hannon has now acquired all necessary documents, and has apparently abandoned as moot any separate claim for relief on this ground.  He has not, however, waived any argument that the state's restriction of his access to relevant documents is in part responsible for the delay in filing his petition.

**1556**

od." *Marks,* 691 F.2d at 734; *see Alexander,* 719 F.2d at 1246 & n. 9, 1247; *McDonnell,* 666 F.2d at 253–54.

■ Hannon alleges that his appointed counsel was ineffective because he failed to perfect an appeal. The state has attempted to demonstrate prejudice by arguing that the trial judge and court reporter have died, and the prosecutor cannot remember the details of the case. These factors suggest that the state may well be prejudiced if it is required to retry Hannon. Such prejudice, however, is irrelevant to a Rule 9(a) defense.[6] *Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 624, 88 L.Ed.2d 598 (1986); *Strahan v. Blackburn,* 750 F.2d 438, 441 (5th Cir.), *cert. denied,* 471 U.S. 1138, 105 S.Ct. 2683, 86 L.Ed.2d 700 (1985); *Bowen,* 698 F.2d at 383; *Aiken v. Spalding,* 684 F.2d 632, 634 (9th Cir.1982), *cert. denied,* 460 U.S. 1093, 103 S.Ct. 1795, 76 L.Ed.2d 361 (1983). The Supreme Court has held that Rule 9(a) specifically refers only to prejudice in responding to the petition, and "Congress has not seen fit ... to provide the State with an additional defense to habeas corpus petitions based on the difficulties that it will face if forced to retry the defendant." *Vasquez,* 106 S.Ct. at 624. Thus, "[t]he impact that delay may have had on a possible retrial is not to be considered" by the federal habeas court. *Strahan,* 750 F.2d at 441 (quoting 17 Wright, Miller & Cooper, Federal Practice and Procedure, § 4268 at 701 (1978)); *see Vasquez,* 106 S.Ct. at 624.

6. The state asserts that it was prejudiced because the transcript does not reflect any information bearing upon the decision not to file a notice of appeal. This factor is irrelevant because such discussions between an attorney and client on whether to appeal would not necessarily be conducted on the record.

In its pleadings below, the state also asserted that Hannon's trial attorney could not be located. If true, this fact would tend to establish specific prejudice in responding to the petition. Dismissal was nonetheless improper, however, because the Government relied on evidence outside the pleadings to assert prejudice. Its motion therefore had to be treated as a motion for summary judgment, and the court was required to give the nonmoving party notice and an opportunity to respond. *Gutierrez,* 839 F.2d at

Because only prejudice in responding to the petition is relevant, the grounds asserted by the state are insufficient to carry its initial burden. The question of whether Hannon's counsel was constitutionally ineffective in failing to file a timely notice of appeal depends upon his interaction with Hannon. *See Holcomb v. Murphy,* 701 F.2d 1307, 1311 (10th Cir.) ("[T]he principal actor in the decision whether to appeal is the criminal defendant."), *cert. denied,* 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983). If defense counsel explained the pros and cons of an appeal to Hannon and Hannon made a knowing and intelligent choice not to appeal, counsel's failure to timely file could not have violated Hannon's due process rights.[7] If counsel did not adequately advise his client or if he ignored his client's wishes, the failure to file an appeal may well have denied Hannon due process of law. *See, e.g., Perez v. Wainwright,* 640 F.2d 596, 598 & n. 3 (5th Cir.1981) (citing cases), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1759, 72 L.Ed.2d 168 (1982); *Jackson v. Turner,* 442 F.2d 1303, 1306–07 (10th Cir.1971); *Goodwin v. Cardwell,* 432 F.2d 521, 522 (6th Cir.1970); *United States ex rel. Smith v. McMann,* 417 F.2d 648, 656 (2d Cir.1969) (en banc), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970); *cf. Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (counsel's failure to perfect appeal held to violate due process). Both Hannon and his former attorney are available to testify. We therefore reverse the district court's dismissal under Rule 9(a).

651. The importance of this requirement was reinforced by the proceedings in this case. In Hannon's motion for reconsideration (the first response to the state's Rule 9(a) defense), Hannon informed the court that his original attorney had been located. The state's only claim of relevant prejudice was thereby undermined.

7. Some courts have indicated that a trial judge may have an independent duty to advise the defendant of his right to appeal and to have an attorney provided to help him. *Martin v. Texas,* 694 F.2d 423, 426–27 (5th Cir.1982); *United States ex rel. Singleton v. Woods,* 440 F.2d 835, 836 (7th Cir.1971). Other courts have disagreed. *See, e.g., Pinson v. Morris,* 830 F.2d 896, 897 (8th Cir.1987). This issue was not raised, and we therefore do not address it here.

On remand, the state is free to argue again that it has been prejudiced in its ability to respond to the petition. We hold only that it has not done so on the record before us. In order to make out a Rule 9(a) defense, however, the state must prove that the prejudice arose after Hannon could have reasonably discovered the claim in his petition. At the time Hannon was tried, the right to effective appellate counsel was unknown. Not until 1963 did the Supreme Court recognize that the Constitution guaranteed the accused an attorney at trial, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and on appeal, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). For the first time in 1970, the Court explicitly recognized a right to the effective assistance of counsel at trial. *McMann v. Richardson,* 397 U.S. 759, 772 & n. 14, 90 S.Ct. 1441, 1449 & n. 14, 25 L.Ed.2d 763 (1970). The following year two claims of ineffective assistance of appellate counsel were filed in this court and we concluded that such a right existed. *Hill v. Page,* 454 F.2d 679 (10th Cir.1971); *Jackson,* 442 F.2d 1303.

Given this development in the law, Hannon could not reasonably have initiated an ineffective assistance of appellate counsel claim until sometime after 1970. *Cf. Moore v. Kemp,* 824 F.2d 847, 851–52 (11th Cir.1987) (en banc) (analyzing when newly recognized legal claims became reasonably discoverable in Rule 9(b) case), *cert. granted,* —— U.S. ——, 108 S.Ct. 1467, 99 L.Ed.2d 697 (1988). Thus, any prejudice that occurred before the early 1970s cannot operate to bar Hannon's petition. The state must prove post–1970 prejudice in responding to Hannon's petition in order to permit the district court to consider dismissal under Rule 9(a). *Cf. Marks,* 691 F.2d at 732–34 (convictions in 1964 and 1965 but legal claim unavailable before 1972).

■ If on remand the state satisfies its burden, the court must determine whether other equitable considerations mandate addressing the merits. The circuit courts have uniformly held that Rule 9(a) is an equitable defense and as such is not to be applied mechanically. *See, e.g., Gutierrez,* 839 F.2d at 651 ("Substantively, ... Rule 9(a) provides ... an equitable affirmative defense."); *Alexander,* 719 F.2d at 1246 ("Rule 9(a) must be carefully considered...."); *Moore v. Smith,* 694 F.2d 115, 117 (6th Cir.1982) (application must be limited to avoid abrogation of very purpose of writ), *cert. denied,* 460 U.S. 1044, 103 S.Ct. 1442, 75 L.Ed.2d 798 (1983); *McDonnell,* 666 F.2d at 251 (same); *Davis v. Adult Parole Authority,* 610 F.2d 410, 413–14 (6th Cir.1979) (same). In considering whether to dismiss a habeas petition, the district court should weigh any relevant equitable considerations. *See Bowen,* 698 F.2d at 382–83; *Moore,* 694 F.2d 115; *McDonnell,* 666 F.2d at 251, 254–55; Rule 9(a), 28 U.S.C. foll. § 2254 Advisory Committee Note (permissive language of Rule "clearly allows the court which is considering the petition to use discretion in assessing the equities of the particular situation"). This interpretation of Rule 9(a) is in accord with the long-standing view that habeas corpus proceedings are governed by equitable principles. *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 2623, 91 L.Ed.2d 364 (1986) (plurality opinion); *see Stone v. Powell,* 428 U.S. 465, 478 n. 11, 96 S.Ct. 3037, 3044 n. 11, 49 L.Ed.2d 1067 (1976); *Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963). "The [Supreme] Court uniformly has been guided by the proposition that the writ should be available to afford relief to those 'persons whom society has grievously wronged' in light of modern concepts of justice." *Kuhlmann,* 106 S.Ct. at 2623. Consequently, dismissal of a potentially meritorious petition is never mandatory. *Cf. id.* 106 S.Ct. at 2622 n. 6 (where prisoner "engages in ... conduct that 'disentitle[s] him to the relief he seeks,' the federal court *may* dismiss the subsequent petition....") (emphasis added, citation omitted); *Sanders v. United States,* 373 U.S. 1, 12, 83 S.Ct. 1068, 1075, 10 L.Ed.2d 148 (1963).

One factor presumably relevant in this case is that Hannon attempted to file an

out-of-time appeal and to have the alleged trial errors addressed through post-conviction procedures shortly after his incarceration and on numerous subsequent occasions. *Cf. Louis v. Blackburn,* 630 F.2d 1105, 1110 (5th Cir.1980) (recognizing importance of petitioner's previous efforts to attain relief in determining whether he displayed due diligence). Each time, the state court could have cured the due process violation alleged here by providing the equivalent of direct appellate review of the merits of his claims. *See Evitts,* 469 U.S. at 399–400, 105 S.Ct. at 838. Each time the state court refused.

### III.

The district court also held that petitioner's ineffectiveness claim failed on the merits because it did not satisfy the standards established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On appeal, the state argues that the record does not suggest Hannon's attorney was ineffective, and that any ineffectiveness was not prejudicial. Hannon responds that the *Strickland* test was designed for cases where the alleged ineffectiveness arose from counsel errors in trial-like situations, and is therefore inappropriate under the facts of this case. He asserts that his counsel was ineffective in failing to perfect an appeal, and that *Evitts,* 469 U.S. at 387, 105 S.Ct. at 830, mandates reversal without an inquiry into specific prejudice.

In *Evitts,* the Court expressly did not decide what standards govern claims of ineffective appellate counsel. *See id.* 469 U.S. at 392, 105 S.Ct. at 833. In cases where an appeal was perfected and the issue was counsel's conduct during the appeal, some circuit courts, including ours, have assumed without analysis that the *Strickland* test is applicable. *See, e.g., Griffin v. West,* 791 F.2d 1578, 1582 (10th Cir.1986) (applying *Strickland* where no brief filed but direct appellate review provided by state court); *Beavers v. Lockhart,* 755 F.2d 657, 660–61 (8th Cir.1985) (applying *Strickland* where insufficient brief filed but direct appellate review provided

by state court). We need not decide this issue here because, for the reasons set out below, the *Strickland* standard is satisfied in this case unless Hannon waived his right to counsel on appeal.

■ Hannon alleges that he "was told that [his attorney] would file the notice of appeal ... then [his attorney] did not do so ...," and that he could not file himself because he "did not know how to do it and could not read or write at that time." Rec., vol. 1, doc. 2, at 6, 8. The state has presented nothing suggesting that Hannon chose not to appeal. In *Evitts,* the Court held that the defendant was denied his right to appeal because his attorney failed to file the proper papers in a timely fashion. For the purposes of Sixth Amendment analysis, this case on the facts before us is identical to *Evitts.* In both cases, counsel failed to perfect a desired appeal and state post-conviction procedures did not provide for direct appellate review of the claims at issue.

In holding that convicted defendants have a constitutional right to effective assistance of counsel on appeal, the Court in *Evitts* noted that when "counsel's failure ... essentially waived respondent's opportunity to make a case on the merits ..., it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." 469 U.S. at 394 n. 6, 105 S.Ct. at 835 n. 6. In such cases, the *Strickland* test is satisfied because prejudice is presumed. *See United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 2046–47, 80 L.Ed.2d 657 (1984) ("There are ... circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. Most obvious, of course, is the complete denial of counsel.").

*Evitts* thus establishes that a petitioner's due process rights are violated when counsel's errors denied him direct appellate review of non-frivolous claims. *Cf. Bell,* 795 F.2d at 657–58 (denial of direct appellate review satisfied *Strickland* prejudice requirement).

"In bringing an appeal as of right from his conviction, a criminal defendant is

attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake....

"A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."

*Evitts,* 469 U.S. at 396, 105 S.Ct. at 836. This holding clearly precludes the dismissal of Hannon's petition on the merits without determining whether it was counsel's error or defendant's knowing and intelligent waiver that was the reason no appeal was filed. On remand, the district court must make this determination if it concludes that Rule 9 is inapplicable.

REVERSED AND REMANDED.