**Laville HANNON, Petitioner–Appellee,**

v.

**Herb MASCHNER and the Attorney General of the State of Kansas, Respondents–Appellants.**

**No. 92–3095.**

United States Court of Appeals, Tenth Circuit.

Dec. 10, 1992.

James F. Vano and David R. Gilman, Overland Park, KS, on the briefs, for petitioner-appellee.

JaLynn Copp, Asst. Atty. Gen., Topeka, KS, on the briefs, for respondents-appellants.

Before SEYMOUR and MOORE, Circuit Judges, and BURCIAGA, Chief Judge.*

JOHN P. MOORE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Laville Hannon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging ineffective assistance of appellate counsel in his state court criminal proceedings. The district court granted the petition and ordered the State of Kansas to release the petitioner from custody under the sentence. On appeal, the respondents argue the district court erred in granting an unconditional writ. 781 F.Supp. 1547. Alternatively, the respondents assert the court should dismiss the petition for failure to exhaust state remedies and as an abuse of the writ. We affirm.

---

* The Honorable Juan G. Burciaga, Chief Judge for the United States District Court for the District of New Mexico, sitting by designation.

## I.

In 1959, Mr. Hannon, a seventeen-year-old Black youth with a history of mental disorder and a limited ability to read and write, was convicted of murder after a trial in the Wyandotte County Court.[1] He was sentenced to life imprisonment at hard labor. Mr. Hannon's appointed counsel did not file a direct appeal from his conviction.

Throughout the 1960's, Mr. Hannon repeatedly sought relief from the Kansas courts. The state courts relied on state procedural rules and denied petitioner's requests for an out-of-time appeal. Mr. Hannon also attempted to use the state post-conviction procedure to gain review of the alleged constitutional errors at his trial. Although a state court held an evidentiary hearing on his post-conviction claims, the Kansas Supreme Court found no showing of exceptional circumstances excusing the petitioner's failure to appeal and, therefore, presumed that he waived his constitutional rights. *See Hannon v. State*, 206 Kan. 518, 479 P.2d 852 (1971).

In 1971, Mr. Hannon filed a pro se habeas corpus petition in federal court asserting several grounds for relief including ineffective assistance of counsel. The district court dismissed the ineffective assistance of counsel claim for failure to exhaust, and we affirmed. The petitioner then raised an ineffective assistance of counsel claim in the Kansas Supreme Court in 1983. That court summarily denied his claim.

In 1985, Mr. Hannon filed this habeas corpus petition, alleging that his counsel's failure to file a timely notice of appeal constituted ineffective assistance. In their answer, the respondents argued the delay in filing the petition prejudiced the state, and, therefore, the court should dismiss the petition based on Rule 9(a) under 28 U.S.C. § 2254. Rules Governing § 2254 Cases, Rule 9(a), 28 U.S.C.A. foll. § 2254. The district court agreed and dismissed the petition. We held, on the record before us, the State failed to demonstrate it had been prejudiced in its ability to respond to the petition. *Hannon v. Maschner*, 845 F.2d 1553, 1557 (10th Cir.1988).

On remand, the district court determined the state could not prove prejudice under Rule 9(a). In considering the merits of Mr. Hannon's claim, the district judge found no evidence in the record to indicate that the petitioner knowingly and intelligently waived his right to appeal. On the contrary, the judge stated that the "petitioner has been trying to assert his right to appeal almost from the day he was incarcerated.... Petitioner has demonstrated unusual diligence in his attempt to plead his cause." Because Mr. Hannon did not waive his right to appeal, the court concluded, his counsel's failure to perfect an appeal constituted ineffective assistance. The court granted the writ and ordered the petitioner released from custody under this sentence. The state moved for reconsideration, and the district court denied the motion.

## II.

On appeal, the respondents do not challenge the district court's determination of the merits of the petitioner's claim. Instead, respondents contend the district court erred in granting an unconditional writ.[2] Because the court did not find con-

---

1. This is the second appeal in Mr. Hannon's case. Our previous opinion, *Hannon v. Maschner*, 845 F.2d 1553, 1553–55 (10th Cir.1988), includes a more detailed description of the facts surrounding the petitioner's arrest and trial.

2. In his brief, petitioner contends the court does not have jurisdiction over this appeal. He argues the motion for reconsideration did not toll the time for appeal because respondents failed to cite Fed.R.Civ.P. 52 or 59 in the motion. In determining whether a motion is brought under Rule 59, we look beyond the form of the motion to the substance of the relief requested. *Munden v. Ultra–Alaska Assoc.*, 849 F.2d 383, 386

(9th Cir.1988). Where, as in petitioner's case, the motion requests a substantive change in the district court's decision, it may be considered under Rule 59(e). *Id.* at 387; *see Cooper v. Singer*, 689 F.2d 929, 930 (10th Cir.1982) (motion that questions correctness of judgment is a Rule 59 motion, no matter what the label) (citing 9 James W. Moore et al., *Moore's Federal Practice* ¶ 204.12[1], at 4–67 (2d ed.)); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan.1989). Thus the respondents' failure to cite Rule 59 did not prevent the motion from tolling the time for appeal.

stitutional violations at the petitioner's trial, the respondents argue, the conviction remains valid and the appropriate remedy is an order granting release unless the state affords the petitioner an appeal.

■■■ The habeas corpus statute authorizes a federal court to dispose of habeas petitions "as law and justice require." 28 U.S.C. § 2243; *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987); *Davis v. Reynolds*, 890 F.2d 1105, 1112 (10th Cir.1989). The mandate of the statute "is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). Under the statute, a federal court has " 'the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus.' " *Hilton*, 481 U.S. at 775, 107 S.Ct. at 2118 (citation omitted). Thus, a district court may exercise its broad authority in habeas cases to grant any relief it deems necessary, including the permanent discharge of a successful habeas petitioner. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir.1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). We will not disturb a decision unless the district court has abused its broad discretion. *See Osborn v. Shillinger*, 861 F.2d 612, 630 (10th Cir.1988); *Bowen v. Maynard*, 799 F.2d 593, 614 n. 12 (10th Cir.), *cert. denied*, 479 U.S. 962, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986).

The respondents rely on *Simmons v. Reynolds*, 898 F.2d 865, 869–70 (2d Cir. 1990), in which the court held that a conditional order requiring a state to hear an appeal within a specific period of time or release the petitioner is the most appropriate remedy for unconstitutional delays in the state appeal. *See also Cody v. Henderson*, 936 F.2d 715, 719 (2d Cir.1991) (unconditional release not an appropriate

remedy unless petitioner can show that appellate delay caused substantial prejudice to disposition of appeal); *Coe v. Thurman*, 922 F.2d 528, 532 (9th Cir.1990). In making their argument, however, the respondents ignore both the district court's power to grant an outright discharge in egregious cases, *Burton*, 975 F.2d at 693, and the distinctions between this case and their cited cases.

Here, the petitioner has not simply experienced delay in a state appeal. Due to ineffective assistance of counsel, the petitioner lost the opportunity to file a direct appeal. Although he has attempted to obtain an out-of-time appeal and to have the alleged trial errors reviewed through post-conviction procedures, the state repeatedly has refused to provide the equivalent of direct appellate review of the merits of his claims. *Hannon*, 845 F.2d at 1558. Now, thirty-three years after the petitioner's conviction, the respondents assert the trial court erred in denying the state the opportunity to review his claims. At this stage, a direct appeal would not vitiate the prejudice to the petitioner from the denial of direct appellate review. Therefore, we conclude, under the circumstances of the petitioner's case, the district court did not abuse its discretion in granting an unconditional writ. *See Harris v. Champion*, 938 F.2d 1062, 1070 (10th Cir.1991) (outright discharge is occasionally the remedy in more egregious cases) (citing *Burkett v. Cunningham*, 826 F.2d 1208, 1222 (3d Cir. 1987)).

### III.

■■ On appeal, the respondents argue the court should dismiss the petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b). In their answer to the petition, however, the re-

---

The petitioner also claims the respondents have acquiesced in the district court's judgment and, thus, cannot appeal from that judgment. After the district court ordered the petitioner released from his life sentence, the respondents filed a declaratory judgment action in a state court, asking the court to determine the terms of three sentences that the petitioner received while in prison. Because the declaratory judg-

ment action is based on the district court's grant of the writ, the petitioner claims the respondents cannot appeal. To support this argument, he cites *Barnes v. Carroll*, 207 Kan. 545, 485 P.2d 1293 (1971), in which the court found the defendants could not appeal an injunction order because they had complied fully with the injunction prior to the appeal. We find no merit in this argument.

spondents stated Mr. Hannon had exhausted his state court remedies. Moreover, from the record before us, it appears the respondents did not raise the exhaustion issue until the oral argument on the motion to reconsider the district court's order granting the writ.

■ The respondents have a duty to inform the district court whether the petitioner has exhausted all available state remedies. *Granberry v. Greer*, 481 U.S. 129, 134, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). When the respondents fail to assert an exhaustion argument before the district court, "we may consider it waived if the interests of comity, federalism, and justice would be served." *Stone v. Godbehere*, 894 F.2d 1131, 1135 (9th Cir.1990) (citing *Granberry*, 481 U.S. at 134–35, 107 S.Ct. at 1675). The district court concluded the petitioner's constitutional rights were violated and his repeated attempts to seek review of his claims were thwarted. The state, on the other hand, has not justified its failure to raise the exhaustion issue earlier in the proceedings. Under these circumstances, we find the interests of justice are served by reaching the merits of the petition, and, therefore, we will not delay granting relief from a clear constitutional violation. *See Granberry*, 481 U.S. at 135, 107 S.Ct. at 1675 (may be appropriate for appellate court to find state waived nonexhaustion defense in order to avoid unnecessary delay in granting relief that is plainly warranted).

■ The respondents also contend this petition constitutes an abuse of the writ because Mr. Hannon failed to make this claim in his first habeas corpus petition. *See* 28 U.S.C. § 2244(b); Rules Governing § 2254 Cases, Rule 9(b), 28 U.S.C.A. foll. § 2254. The respondent bears the burden of pleading abuse of the writ and satisfies this burden "if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." *McCleskey v. Zant*, — U.S. —, —, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). In this case, the respondents raised abuse of the writ for the first time in the motion to reconsider. We therefore conclude the respondents waived the abuse of the writ issue by failing to plead it with particularity prior to the motion to reconsider. *See Lewandowski v. Makel*, 949 F.2d 884, 889 (6th Cir.1991).

AFFIRMED.