UNITED STATES of America

v.

Luis ALZATE.

Civ. A. No. 93–0053–T.

United States District Court, D. Rhode Island.

Sept. 23, 1993.

Thomas F. Conners, Joel D. Landry, Providence, RI, for Luis Alzate.

Edwin Gale, U.S. Atty., Providence, RI, for Government.

## MEMORANDUM AND ORDER

TORRES, District Judge.

This case is before the Court on Defendant Alzate's objection to the Magistrate's Report and Recommendation dated March 10, 1993 recommending that Alzate's petition for relief pursuant to 28 U.S.C. 2255 be dismissed. For reasons hereinafter stated the Court rejects that recommendation and directs the government to file an answer to Alzate's petition.

### Background

■ On March 14, 1988, Alzate was convicted by a jury of possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On May 11, 1988, this Court sentenced Alzate to 78 months in prison, five years of supervised release, and a fine of $75,000.00. No appeal was taken from that conviction.

On January 4, 1991, Alzate filed a § 2255 petition alleging various errors in the conduct of his trial. That petition was denied.

On January 28, 1993, Alzate filed the § 2255 petition that is the subject of this proceeding. In this petition, Alzate claims that he was deprived of effective assistance of counsel because his attorney failed to appeal Alzate's conviction. The Magistrate Judge recommended dismissal on the theory that, in Alzate's previous petition, his claims of error were deemed meritless and, therefore, counsel's alleged failure to perfect an appeal is "without legal significance."

### Discussion

A defendant convicted of a crime in a United States District Court has a statutory right to appeal the conviction. *Coppedge v. United States,* 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962); 28 U.S.C. § 1291. Moreover, the due process clause of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel on appeal. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985).

■ An attorney's negligent failure to perfect an appeal constitutes ineffective assistance of counsel. *Williams v. Lockhart,* 849 F.2d 1134, 1137 (8th Cir.1988). In such circumstances, the loss of the right to appeal may be remedied under § 2255. *United States v. Tajeddini,* 945 F.2d 458, 466 (1st Cir.1991). As the Court of Appeals for the First Circuit has stated: " '[F]ailure of court-appointed counsel to prosecute an appeal—in the absence of waiver by defendant or compliance of counsel with *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967)—is a per se deprivation of the right to counsel.' " *Id.* at 466 (*quoting Wilbur v. Maine,* 421 F.2d 1327, 1329 (1st Cir.1970)).

Whether a defendant has waived his right to appeal depends on the circumstances of each particular case. Clearly, a defendant who knowingly chooses not to appeal is foreclosed from, later, claiming that counsel was deficient for not filing an appeal. *See Hannon v. Maschner,* 845 F.2d 1553, 1558 (10th Cir.1988). However, in this case there is nothing in the record indicating that Alzate waived his right to appeal. On the contrary, his petition asserts that he instructed his

counsel to appeal and believed that his instruction had been followed.

The Magistrate Judge relied on *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982), which holds that alleged trial errors that were not the subject of a direct appeal may be grounds for collateral relief only if the defendant shows "cause" why the alleged errors were not addressed on appeal and demonstrates "actual prejudice" resulting from the alleged errors. Specifically, the Magistrate reasoned that the failure to pursue a direct appeal did not prejudice Alzate because this Court had previously determined Alzate's claims of error to be meritless.

However, *Frady* is inapposite to this case. The gist of Alzate's present petition is not that he is entitled to collateral relief because of alleged trial errors. Rather it is that the deficient performance of his counsel deprived him of the right to appeal his conviction. The fact that this Court has opined that Alzate's grounds for appeal are meritless does not extinguish any right that he may possess to have that determination made by an appellate court. *Bonneau v. United States,* 961 F.2d 17 (1st Cir.1992) (defendant who loses his right to direct appeal through dereliction of counsel is entitled to new appeal without showing a meritorious appellate issue). Whether Alzate still has such a right depends, in turn, on whether he waived it or whether his failure to appeal is attributable to neglect on the part of his counsel. That determination would appear to require an evidentiary hearing.

### Conclusion

For all of the foregoing reasons, the Court rejects the Magistrate Judge's Report and Recommendation dated March 10, 1993, and pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, directs the United States Attorney to file an answer to Alzate's petition within thirty days from the date of this order.