**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JUL 26 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

GARY RAY CROWELL,

　　　　Defendant-Appellant.

No. 00-2134
(D.C. No. CIV-97-587-JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **HENRY, BRISCOE,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Gary Ray Crowell seeks a certificate of appealability (COA) in order to appeal from the district court's order denying relief in his motion filed under 28 U.S.C. § 2255. We deny Crowell's application and dismiss the appeal.

## I.

The facts and procedural background of this case are set forth in the magistrate judge's detailed and thorough thirty-four-page report and recommendation. Thus, we only briefly repeat those facts necessary to resolve this appeal. Crowell pled guilty in April 1987 to an indictment charging him with one count of kidnaping in violation of 18 U.S.C. § 1201(a)(1) based upon his abduction and sexual abuse of a fourteen-year-old victim in Arizona. Crowell was represented by appointed counsel, Mr. Phillip Gaddy. His guilty plea, made at the start of his trial, was not based on any plea negotiations with the government, but rather on his belief that he would not be prosecuted in Arizona if he received a substantial sentence in federal court. However, the day before sentencing, Crowell sought to withdraw his plea. He alleged he had recently received copies of certain discovery documents which he believed bolstered his chances of an acquittal. These discovery documents had been timely provided by the government to Gaddy, but Crowell claimed to be unaware of them. Gaddy sought to have new counsel appointed in case Crowell wished to pursue a claim

-2-

that Gaddy had been ineffective in not providing him copies of these discovery materials.

The district court held an evidentiary hearing on these motions at which Crowell and others testified. The district court denied the motion to appoint new counsel and the motion to withdraw the plea and sentenced Crowell to life imprisonment. Gaddy immediately wrote a letter to Crowell recommending that he file an appeal, and informing him of the appeal deadline and how to have the court clerk enter a notice of appeal on his behalf. Gaddy told Crowell to contact him if he wanted any further assistance from Gaddy, though he did not expressly offer to file an appeal for Crowell. Crowell was in transit to a new prison at the time, and did not receive Gaddy's letter until after the appeal deadline had passed. [1] Crowell did not attempt to contact Gaddy.

Crowell did not file his § 2255 motion until ten years later, in 1997. He raised numerous arguments, including a claim that his guilty plea was not knowing and voluntary and claims that he was denied due process and ineffective assistance of counsel because he was not informed of his right to appeal and because Gaddy failed to perfect a direct appeal. After Crowell filed his § 2255

---

[1] There is some conflict in the record as to when Crowell received the letter, which was dated June 1, 1987. In his § 2255 motion, Crowell stated that he arrived at the federal prison on June 10, 1987, and received his mail some days later. At his § 2255 evidentiary hearing, however, Crowell testified that he did not receive the letter until the end of July, 1987.

motion, it was determined that transcripts of Crowell's 1987 change of plea hearing and sentencing hearing no longer existed. The district court *sua sponte* determined that Crowell's § 2255 motion was barred by Rule 9(a) of the Rules Governing § 2255 Proceedings and denied the motion. Rule 9(a) "provides the state with an equitable defense to unjustifiably delayed petitions." *Hannon v. Maschner*, 845 F.2d 1553, 1555 (10th Cir. 1988).

On appeal, we reversed the ruling that Crowell's motion was barred by Rule 9(a), holding that it is an affirmative defense that the government waived by failing to raise it. *United States v. Crowell*, No. 98-2064, 1999 WL 285855, **3 (10th Cir. Apr. 21, 1999). We affirmed the dismissal of some of Crowell's claims as without merit. *Id.* at **4. We concluded, however, that Crowell's claims relating to the voluntariness of his guilty plea and his ineffective assistance of counsel claims could only be resolved by an evidentiary hearing and remanded the case to the district court for further proceedings. *Id.* at **3.

The magistrate judge held an evidentiary hearing on remand at which Crowell, Gaddy, and the prosecutor testified. For the first time, the government asserted a Rule 9(a) defense. The magistrate judge again concluded Crowell's motion was barred by Rule 9(a), but also rejected Crowell's claims on the merits. The district court adopted the magistrate judge's report and recommendation and dismissed the § 2255 motion.

II.

To be entitled to a COA, Crowell must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). We have reviewed Crowell's request for a COA, his appellate briefs, the magistrate judge's report and recommendation, adopted by the district court, the transcript of the evidentiary hearing held in the district court, and the entire appellate record and conclude that Crowell has failed to make the required showing for a COA. [2]

---

[2] While we conclude that the district court's disposition of the merits of Crowell's § 2255 petition is not deserving of further proceedings, we disagree with its conclusion that the government could raise a Rule 9(a) defense for the first time on remand. In Crowell's first appeal, we held that the government waived that defense by failing to assert it in its response to the § 2255 motion. *Crowell*, 1999 WL 285855, at \*\*3. Our ruling that Rule 9(a) had been waived became the law of the case and was required to be followed by the district court on remand. *See Phelps v. Hamilton*, 122 F.3d 1309, 1322 (10th Cir. 1997) ("The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.") (internal quotation omitted); *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) ("[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.").

## A.

Crowell claims he was denied due process and effective assistance of counsel because he was never informed of his right to appeal. The magistrate judge found, with record support, that Crowell was aware of his right to appeal based on (1) evidence that the sentencing judge uniformly advised defendants of their right to appeal using a standardized sentencing memorandum, consistent with the court's obligation under Fed. R. Crim. P. 32(a)(2) (1987) to inform a defendant of his right to appeal;[3] (2) the fact that Crowell had two prior criminal convictions from which he would have had independent knowledge of a defendant's right to appeal, and (3) his determination that Crowell was not credible when he testified he was unaware he had any right to appeal. Based on these findings, we agree with the magistrate judge that Crowell was not denied due process and effective assistance of counsel due to any failure of the court or his counsel to inform him of his right to appeal.

## B.

We also agree with the magistrate judge that Gaddy did not provide ineffective assistance by failing to perfect an appeal on Crowell's behalf. An ineffective assistance claim based upon counsel's failure to file a notice of appeal, like any other ineffective assistance claim, must be judged in accordance

---

[3] Now set forth at Fed. Crim. R. P. 32(c)(5).

with the two-pronged test described in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984), which requires the petitioner to show that counsel's representation fell below an objective standard of reasonableness and that the petitioner was prejudiced by counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). In cases such as this one where the defendant has not clearly conveyed to counsel whether or not he wishes to pursue an appeal, the court must first ascertain whether counsel "consulted" with the defendant regarding a possible appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478. If deficient performance is established, the defendant is then required to establish that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Id.* at 484.

Here, Gaddy informed Crowell by letter of his right to appeal immediately after Crowell's sentencing hearing. He recommended that Crowell file an appeal, informed him of the appeal deadline, and instructed him how to have the court clerk file a notice of appeal on his behalf. However, he did not consult with Crowell in person, nor did he make a further attempt to contact Crowell to ascertain his wishes. Even if we assume for the sake of argument, however, that Gaddy was deficient in failing to make a reasonable effort to discover Crowell's

wishes, we nevertheless agree with the magistrate judge that Crowell failed to show that this deficiency prejudiced him because he failed to establish that, but for Gaddy's performance, he would have timely appealed.

When Crowell received Gaddy's letter in June or July 1987, he did nothing for weeks, even months. He made no attempt to contact Gaddy, nor did he make any immediate attempt to file a late appeal. Had he taken any action upon receipt of Gaddy's letter, he or Gaddy might have been able to file a request to file a late appeal pursuant to Fed. R. Crim. P. 4(b) (1987), which, as then in effect, authorized the district court to extend the time to file a notice of appeal based on a finding of excusable neglect. Crowell's first attempt to contact the district court was not until September 1987, when he requested the appointment of counsel. He again sought the appointment of counsel in October 1987 and, in November 1987, wrote a letter to the court seeking copies of documents and transcripts. In both October and November, the district court wrote to Crowell explaining that he could raise his claims in a § 2255 motion and the court provided him with the necessary forms and instructions to file such a motion. Yet, Crowell waited ten years before filing his § 2255 motion. Thus, the magistrate judge correctly concluded that Crowell failed to demonstrate that, but for Gaddy's failure to consult adequately with him, he would have timely appealed.

C.

Finally, Crowell contends his guilty plea was not knowing and voluntary because Gaddy withheld three exculpatory documents, failed to inform him that Arizona might still pursue charges against him, and incorrectly told him that any sentence he received in Arizona would run concurrent with his federal sentence. At the time Crowell pled guilty, he signed an affidavit acknowledging that his plea was knowing and voluntary. The affidavit clearly indicates Crowell was aware of the possibility that Arizona would still prosecute him. The magistrate judge found no evidence to support Crowell's claim that Gaddy advised him any Arizona sentence would be concurrent and found, for numerous reasons, that Crowell's testimony on this point was not credible. As to the three allegedly undisclosed documents, we have already determined that discovery material similar to one document, an interview with the victim's aunt and uncle, was not exculpatory or material. *Crowell*, 1999 WL 285855 at \*\*4 (ruling on the aunt and uncle's statement under *Brady v. Maryland*, 373 U.S. 83 (1963)). Crowell never introduced into the record copies of the remaining two allegedly undisclosed documents, though it is his burden to establish what the allegedly exculpatory evidence is. He claims there was a laboratory result allegedly finding no blood, skin or hair on a piece of rope. We agree with the magistrate judge that such a report would not be exculpatory because there is no evidence it was the rope used

to tie the victim. Crowell also claims there was a medical report of the victim showing that she had no cuts or bruises. We agree with the magistrate judge that such a report, while somewhat exculpatory, would not necessarily impeach the victim's statement that Crowell tied her up and raped her. Considering all the circumstances, we agree with the magistrate judge that the allegedly withheld material did not compromise the voluntary and knowing nature of Crowell's plea.

In summary, Crowell failed to make "a substantial showing of the denial of a constitutional right" and, accordingly, he is not entitled to a COA. *See* § 2253(c)(1)(B). The magistrate judge wrote a lengthy, thorough, and well-reasoned report and recommendation that was adopted by the district court. We agree with its analysis and ultimate decision to deny habeas relief.

We DENY Crowell's application for a COA and DISMISS this appeal.

Entered for the Court

Robert H. Henry
Circuit Judge